# Award
# FINRA Dispute Resolution

In the Matter of the Arbitration Between:

Claimant
Pablo Aponte Diaz

Case Number: 14-00780

vs.

Respondents
BBVA Securities of Puerto Rico n/k/a
OFS Securities, Inc.
Oriental Financial Services Corp.
Santander Securities, LLC

Hearing Site: San Juan, Puerto Rico

Nature of the Dispute: Customer vs. Members

## REPRESENTATION OF PARTIES

For Claimant Pablo Aponte Diaz: Edward H. Glenn, Jr., Esq., Zamansky, LLC, New York, New York.

For Respondents BBVA Securities of Puerto Rico n/k/a OFS Securities, Inc. ("OFS"), Oriental Financial Services Corp. ("Oriental") and Santander Securities, LLC ("Santander"): Paul A. Rodriguez-Velez, Esq., Pietrantoni Mendez & Alvarez LLC, San Juan, Puerto Rico.

## CASE INFORMATION

Statement of Claim filed on or about: March 11, 2014.
Pablo Aponte Diaz signed the Submission Agreement: March 11, 2014.

Statement of Answer filed by Respondent Oriental on or about: June 6, 2014.
Oriental signed the Submission Agreement: May 19, 2014.

Statement of Answer filed by Respondent Santander on or about: June 6, 2014.
Santander signed the Submission Agreement: May 1, 2014.

OFS did not file a Statement of Answer or a signed Submission Agreement.

Motion for Recommendation of Expungement filed by Respondent Santander on behalf of non-party Christopher McDowall ("McDowall") on or about: July 7, 2015.

## CASE SUMMARY

Claimant asserted the following causes of action: fraud; breach of fiduciary duty (including violation of Regulation 6079 issued under the Uniform Securities Act of

Puerto Rico); negligence; breach of contract; negligent misrepresentation and omission; unsuitability; overconcentration; control person liability; alter ego liability; and failure to supervise under the federal securities laws, the Uniform Securities Act of Puerto Rico, Puerto Rican law and FINRA rules. The causes of action relate to Claimant's' investments in Puerto Rican municipal bond funds.

Unless specifically admitted in their Answer, Respondents Oriental and Santander denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested: compensatory damages of approximately $100,000.00 and/or other appropriate equitable relief; "well- managed" account damages or lost investment returns; disgorgement of all fees and commissions; recovery of pre and post-award interest; costs, including expenses, expert fees and forum fees; attorneys' fees; and punitive damages.

In its Statement of Answer, Respondent Oriental requested: dismissal of the Statement of Claim in its entirety; reimbursement of its attorney's fees; and a recommendation of expungement of all references to this arbitration proceeding from the broker's Central Registration Depository ("CRD") record.

In its Statement of Answer, Respondent Santander requested: dismissal of the Statement of Claim in its entirety; reimbursement of its attorney's fees; and a recommendation of expungement of all references to this arbitration proceeding from the broker's CRD record.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrator acknowledges that he has read the pleadings and other materials filed by the parties.

Respondent OFS did not file with FINRA Dispute Resolution a properly executed Submission Agreement but is required to submit to arbitration pursuant to the Code of Arbitration Procedure ("Code") is bound by the determination of the Arbitrator on all issues submitted.

On or about June 19, 2015, Claimants filed a notice of settlement in this matter and Respondent Santander requested that the file remain open in order for the Arbitrator to consider non-party McDowall's request for expungement. Accordingly, the Arbitrator made no determinations with respect to any of the claims asserted in the Statement of Claim.

The Arbitrator conducted a recorded telephonic hearing on August 17, 2015 so the parties could present an oral argument and evidence on non-party McDowall's request for expungement. Claimant did not oppose the expungement request and opted not to participate in the telephonic hearing.

## AWARD

After considering the pleadings, the testimony and evidence presented at the recorded telephonic hearing, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1. The Arbitrator recommends the expungement of all references to the above-captioned arbitration from non-party McDowall's (CRD #2729031) registration records maintained by the CRD, with the understanding that pursuant to Notice to Members 04-16, non-party McDowall must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

   Pursuant to Rule 12805 of the Code, the Arbitrator has made the following Rule 2080 affirmative finding of fact:

   The claim, allegation, or information is false.

   The Arbitrator has made the above Rule 2080 finding based on the following reasons:

   - The Arbitrator finds that the allegations set forth in the claim were false in relationship to the broker, non-party McDowall. Claimant did not make non-party McDowell a party to the claim filed against his firm. And, in fact, non-party McDowall objected to the settlement of the claim by the firm, desiring instead to go to trial on the merits in order to clear his name. However, his company elected to settle the claim, which it considered nuisance value to get rid of the case. In the final analysis, Claimant suffered no damages from non-party McDowall's accounts, and in fact, realized gains in two accounts.

   - Claimant was and is a sophisticated business man with substantial holdings in agriculture, real estate development, and securities, and he had an adequate understanding regarding the risks in the securities industry. He also had the benefit of non-party McDowall's counsel that resulted not only in the sale of some Puerto Rican securities in 2013, but also Claimant's immediate re-investment for diversification into four US bond funds.

   - Non-party McDowall had a fifteen-year relationship with Claimant, was in regular contact with him, and visited him at his business location on a number of occasions. Claimant never complained or reported any problems of any kind regarding non-party McDowall's work or the performance of Claimant's account.

   For the foregoing reasons, non-party McDowall's request for a recommendation of expungement is granted.

In making the above findings, the Arbitrator considered: the pleadings submitted by the parties; the Motion for Recommendation of Expungement, including all exhibits; the testimony and BrokerCheck report of non-party McDowall; and the parties' settlement agreement, including the amounts paid to any party, and all other terms and conditions of the settlement. The Arbitrator notes that non-party McDowall was not a party to the settlement agreement and did not contribute to the settlement amount. Additionally, no party conditioned settlement upon an agreement not to oppose an expungement request.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution assessed a filing fee* for each claim:
    Initial Claim Filing Fee     =$ 975.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as parties, Respondents OFS, Oriental and Santander are each assessed the following:

**OFS**
| | |
|---|---|
| Member Surcharge | =$ 1,100.00 |
| Pre-Hearing Processing Fee | =$ 750.00 |
| Hearing Processing Fee | =$ 1,700.00 |

**Oriental**
| | |
|---|---|
| Member Surcharge | =$ 1,100.00 |
| Pre-Hearing Processing Fee | =$ 750.00 |
| Hearing Processing Fee | =$ 1,700.00 |

**Santander**
| | |
|---|---|
| Member Surcharge | =$ 1,100.00 |
| Pre-Hearing Processing Fee | =$ 750.00 |
| Hearing Processing Fee | =$ 1,700.00 |

### Hearing Session Fees and Assessments
The Arbitrator has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the arbitrator that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | |
|---|---|---|
| One (1) Hearing session on expungement request @ $450/session | | =$ 450.00 |
| Hearing Date: August 17, 2015 | 1 session | |
| Total Hearing Session Fees | | =$ 450.00 |

FINRA Dispute Resolution
Arbitration No. 14-00780
Award Page 5 of 6

The Arbitrator has assessed the total $450.00 of hearing session fees to Respondent Santander.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 14-00780
Award Page 6 of 6

## ARBITRATOR

James W. Geiger  -  Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Arbitrator's Signature**

_[signature]_                                              Aug 28, 2015
James W. Geiger                                           Signature Date
Sole Public Arbitrator

8/28/15
Date of Service (For FINRA Dispute Resolution office use only)