IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SANTANDER SECURITIES, LLC;
CHRISTOPHER MCDOWALL

Plaintiffs

vs

PABLO APONTE-DIAZ

Defendant

CIVIL 16-1152CCC

## OPINION AND ORDER

Before the Court is petitioners Santander Securities, LLC ("Santander")
and Christopher McDowall's ("McDowall") Petition for Confirmation of
Arbitration Award and for Expungement Relief (d.e. 1) filed on January 27,
2016 and its unopposed Motion For Confirmation of the same (**d.e. 10**) filed on
May 5, 2016.  Petitioners seek to confirm an arbitration award entered in favor
of Santander by the Financial Industry Regulatory Authority ("FINRA") on
August 28, 2015 (hereinafter referred to as the "Award") and the expungement
of any and all references to the arbitration from the registration records of
co-petitioner McDowall.

The Federal Arbitration Act of 1947 ("FAA"), as amended, 9 U.S.C. §§ 1
et seq., "supplies mechanisms for enforcing arbitration awards: a judicial
decree confirming an award, an order vacating it, or an order modifying or
correcting it." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008)
(quoting 9 U.S.C.A. § 9)).  Section 9 of the Federal Arbitration Act ("FAA"
or "Act") states, in part, that "[i]f the parties in their agreement have agreed that
a judgment of the court shall be entered upon the award made pursuant to the
arbitration, [] then at any time within one year after the award is made any party
to the arbitration may apply to the court [] for an order confirming the award."
9 U.S.C.A. § 9.  "Under the terms of § 9, a court 'must' confirm an arbitration

CIVIL 16-1152CCC                    2

award 'unless' it is vacated, modified, or corrected 'as prescribed . . .'" Hall St. Assocs., L.L.C., 552 U.S. at 582.  The Act further states that:

> [n]otice of the application [] be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.  9 U.S.C.A. § 9.

FINRA Rule 2080 requires "[m]embers or associated persons seeking to expunge information from the CRD system arising from disputes with customers [to] obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief."  FINRA Manual: Obtaining an Order of Expungement of Customer Dispute Information from the Central Registration Depository (CRD) System, 2009 WL 2708405, at *1 (2016).  The Rule further requires FINRA to be named as an additional party and served, unless it "waive[s] the obligation to name FINRA as a party [once it] determines that the expungement relief is based on affirmative judicial or arbitral findings that: . . . (c) the claim, allegation or information is false."  Id.

We find that the Petition for Confirmation of Arbitration Award (d.e. 1) complies with the requirements of Section 9 of the FAA.  The petition was filed within one year of the date the Award was entered, the Award has not been "vacated, modified, or corrected," and the adverse party in the FINRA arbitration, Pablo Aponte Diaz,  was provided with notice of the application and authorized waiver of service.  As to petitioners' request for the expungement, the arbitrator in the FINRA action that is the subject of this case recommended the expungement of all references to the arbitration from McDowall's

CIVIL 16-1152CCC                    3

registration records after finding that "the allegation set forth in the claim were false in relationship to the broker." (d.e. 1-1, p. 3). Furthermore, FINRA waived the obligation to be named as a party to the judicial proceeding. Thus, expungement is proper. Accordingly, Petitioners Motion for Confirmation of Arbitration Award (**d.e. 10**) is GRANTED.    Judgment will be entered CONFIRMING the Award and the Court ORDERS the expungement of any and all references to the Arbitration from the CRD records of Christopher McDowall.

SO ORDERED.

At San Juan, Puerto Rico, on February 28, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge